## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIAN DIXON,<br><br>              Plaintiff,<br><br>    v.<br><br>AKOUOS, INC., EDWARD T. MATHERS, KUSH PARMAR, HEATHER PRESTON, SAIRA RAMASASTRY, VICKI SATO, EMMANUEL SIMONS, and ARTHUR O. TZIANABOS,<br><br>              Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Brian Dixon ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Plaintiff against Akouos, Inc. ("AKUS" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Eli Lilly and Company ("Lilly").[1]

2. On October 17, 2022, the Company entered into an Agreement and Plan of

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") with Lilly and Kearny Acquisition Corporation ("Purchaser"). The Merger Agreement provides that AKUS stockholders will receive (a) $12.50 in cash and (b) one contingent value right ("CVR") which represents the contractual right to receive contingent payments of up to $3.00 per CVR, per share of AKUS common stock, via a tender offer (the "Tender Offer").[2]

3. The Company's corporate directors subsequently authorized the October 31, 2022, filing of the materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on October 31, 2022.

[3] The Tender Offer is currently scheduled to expire at one minute past 11:59 p.m., Eastern Time, on November 29, 2022.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of AKUS common stock.

10. Defendant AKUS is a Delaware corporation with its principal executive offices located at 645 Summer Street, Suite 200, Boston, Massachusetts 02210. The Company's shares trade on the Nasdaq Global Select Market under the ticker symbol "AKUS." Founded in 2016, AKUS is a precision genetic medicine company that is developing gene therapies to restore, improve, and preserve physiologic hearing for individuals. The Company's precision genetic medicine platform incorporates a proprietary adeno-associated viral vector library and a novel delivery approach. AKUS' lead product candidate is AK-OTOF, a gene therapy for the treatment of hearing loss due to mutations in the otoferlin gene. The Company is also

developing AK-CLRN1 for the auditory manifestations of Usher syndrome 3A, and AK-antiVEGF for vestibular schwannoma.

11. Defendant Edward T. Mathers is and has been a director of the Company at all times relevant hereto.

12. Defendant Kush Parmar is and has been a director of the Company at all times relevant hereto.

13. Defendant Heather Preston is and has been a director of the Company at all times relevant hereto.

14. Defendant Saira Ramasastry is and has been a director of the Company at all times relevant hereto.

15. Defendant Vicki Sato is and has been a director of the Company at all times relevant hereto.

16. Defendant Emmanuel Simons is and has been the Chief Executive Officer, President, and a director of the Company at all times relevant hereto.

17. Defendant Arthur O. Tzianabos is and has been a director of the Company at all times relevant hereto.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On October 18, 2022, Lilly and AKUS jointly announced in relevant part:

INDIANAPOLIS and BOSTON, Oct. 18, 2022 /PRNewswire/ -- Eli Lilly and Company (NYSE: LLY) and Akouos, Inc. (NASDAQ: AKUS) today announced a definitive agreement for Lilly to acquire Akouos, a precision genetic medicine

company that is developing a portfolio of first-in-class adeno-associated viral gene therapies for the treatment of inner ear conditions, including sensorineural hearing loss.

"We are honored to work with the talented team at Akouos who are breaking new ground in the science of treating hearing loss," said Andrew C. Adams, Ph.D., senior vice president of genetic medicine and co-director of the Institute for Genetic Medicine, Lilly. "We believe that with Lilly's resources, global reach, and growing capabilities in gene therapy, we can help Akouos fulfill their mission of making healthy hearing available to all."

Akouos has integrated expertise across otology, inner ear drug delivery, and gene therapy with the goal of addressing the needs of people living with disabling hearing loss worldwide. Akouos's lead product candidate, AK-OTOF, is a gene therapy for the treatment of hearing loss due to mutations in the otoferlin gene (*OTOF*). Additional pipeline programs span across multiple inner ear conditions, and include AK-CLRN1 for Usher Type 3A, an autosomal recessive disorder characterized by progressive loss of both hearing and vision; *GJB2* (which encodes connexin 26) for a common form of monogenic deafness and hearing loss; and AK-antiVEGF for the treatment of vestibular schwannoma.

"I am proud of the commitment and passion of our team, which has established Akouos as a pioneer in inner ear genetic medicine, as demonstrated by our work to advance the first investigational therapy for a genetic form of hearing loss into clinical development," said Emmanuel Simons, Ph.D., M.B.A., co-founder, president, and chief executive officer of Akouos. "Joining Lilly – a company that shares our purpose to make life better for people around the world – will help us accelerate the development of a broad pipeline of inner ear genetic medicines."

Under the terms of the transaction, Lilly will acquire all of the outstanding shares of Akouos for $12.50 per share in cash, plus one contingent value right (CVR) of up to $3.00 per share. The deal has been approved by the boards of directors of both companies.

"Gene therapy offers tremendous opportunity to provide durable treatments for patients with genetically defined disease; this is our second acquisition in gene therapy, following the 2021 acquisition of Prevail Therapeutics," added Daniel Skovronsky, M.D., Ph.D., Lilly's chief scientific and medical officer, and president of Lilly Research Laboratories. "With Akouos, we are optimistic that we can make a difference for people with hearing loss and other inner ear conditions."

**Terms of the Agreement**

Lilly will commence a tender offer to acquire all outstanding shares of Akouos for a purchase price of $12.50 per share in cash (an aggregate of approximately $487 million) payable at closing plus one non-tradeable contingent value right per share ("CVR") that entitles the holder to receive up to an additional $3.00 in cash, for a total consideration of up to $15.50 per share in cash without interest (an aggregate of up to approximately $610 million).

CVR holders would become entitled to receive contingent payments as follows: (i) $1.00 in cash, upon the fifth (5th) participant being administered with AK-OTOF in a Phase 1 or Phase 1/2 trial on or prior to Dec. 31, 2024; (ii) $1.00 in cash, upon the fifth (5th) participant being administered with an Akouos gene therapy product for a second monogenic form of sensorineural hearing loss (excluding AK-OTOF and AK-antiVEGF) on or prior to Dec. 31, 2026; and (iii) $1.00 in cash, upon (a) the first (1st) participant being administered with an Akouos gene therapy product (excluding AK-antiVEGF) for a monogenic form of sensorineural hearing loss in a Phase 3 trial, or (b) receipt of FDA approval in the U.S. for such Akouos product, whichever occurs first, on or prior to Dec. 31, 2026, or its value will be reduced by approximately 4.2 cents per month until Dec. 1, 2028 (at which point the CVR will expire).

There can be no assurance that any payments will be made with respect to the CVR. The transaction is not subject to any financing condition and is expected to close in the fourth quarter of 2022, subject to customary closing conditions, including receipt of required antitrust clearance and the tender of a majority of the outstanding shares of Akouos's common stock. Following the successful closing of the tender offer, Lilly will acquire any shares of Akouos that are not tendered in the tender offer through a second-step merger at the same consideration as paid in the tender offer.

The purchase price payable at closing represents a premium of approximately 121% to the 30-day volume-weighted average trading price of Akouos's common stock ended on Oct. 17, 2022, the last trading day before the announcement of the transaction. Akouos's Board of Directors unanimously recommends that Akouos's stockholders tender their shares in the tender offer. Additionally, certain Akouos stockholders, beneficially owning approximately 26% of Akouos's outstanding common stock, have (subject to certain terms and conditions) agreed to tender their shares in the tender offer.

Lilly will determine the accounting treatment of this transaction as a business combination or an asset acquisition, including any related acquired in-process research and development charges, according to Generally Accepted Accounting Principles (GAAP) upon closing, which is expected to occur in the

fourth quarter of 2022.  This transaction will thereafter be reflected in Lilly's financial results and financial guidance.

For Lilly, Kirkland & Ellis LLP is acting as legal counsel.  For Akouos, Wilmer Cutler Pickering Hale and Dorr LLP is acting as legal counsel and Centerview Partners LLC as sole financial advisor.

**The Materially Incomplete and Misleading Solicitation Statement**

20. The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on October 31, 2022.  The Solicitation Statement, which recommends that AKUS stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts and the analyses that support the fairness opinion provided by the Company's financial advisor Centerview Partners LLC ("Centerview"); and (b) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and Centerview's Financial Analysis*

21. The Solicitation Statement fails to disclose material information concerning the financial forecasts for the Company, including their underlying assumptions.[4]  The Solicitation Statement further fails to disclose a summary of the Company's non-risk-adjusted projections.

22. The Solicitation Statement also fails to disclose material information concerning Centerview's financial analysis.

23. With respect to the *Discounted Cash Flow Analysis* performed by Centerview, the Solicitation Statement fails to disclose: (a) the Company's terminal values for the Company;

---

[4] *See* Solicitation Statement at 37.

(b) the Company's fully diluted outstanding shares; and (c) the expected dilution associated with the assumed equity raise of $75 million in 2022.

24. With respect to the *Analyst Price Target Analysis* performed by Centerview, the Solicitation Statement fails to disclose the individual price targets observed and the sources thereof.

25. With respect to the *Precedent Premiums Paid Analysis* performed by Centerview, the Solicitation Statement fails to disclose the transactions analyzed and the individual premiums observed for each transaction.

### *Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

26. The Solicitation Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of Lilly's proposals or indication of interest mentioned management retention in the combined company or the purchase of or participation in the equity of the surviving corporation.

27. The omission of the above-referenced information renders statements in the "Certain Company Management Forecasts," "Opinion of the Financial Advisor to the Company Board," and "Arrangements with Current Executive Officers, Directors and Affiliates of the Company" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.

28. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of AKUS will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

29. Plaintiff repeats all previous allegations as if set forth in full.

30. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting AKUS stockholders to tender their shares in the Tender Offer.

31. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

32. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

33. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

34. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

35. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

36. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

37. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of AKUS, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

38. Plaintiff repeats all previous allegations as if set forth in full.

39. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

40. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to AKUS stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning Centerview's financial analyses, the background of the Proposed Transaction, and Centerview's and Company insiders' potential conflicts of interest.

41. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

42. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

43. Plaintiff repeats all previous allegations as if set forth in full.

44. The Individual Defendants acted as controlling persons of AKUS within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of AKUS, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence

and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

47. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered – descriptions into which the Company directors had input.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein.

By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, AKUS stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  November 10, 2022    **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*